Judge Hise
delivered the opinion of the Court.
The Bank op Kentucky in this case is seeking, by way of substitution, to reach certain slaves and other *341 property which had been conveyed by deed of' mortgage by W, E. Milton - to Eben and John Milton, to secure and indemnify them and Young and Milton, as Well as various other- parties, on account of their existing liabilities as hjs sureties in various debts due the Rank of Kentucky, and to the Northern Bank, and on other accounts.
When theequi-. iy of redemption on properlymort-gaged is sold to satisfy debts secured by the mortgage, & (he same is purchased by one of the mortgagees, at full price, and debt paid, and the oilier mortgagees release them, nothing remains which can be subjected in that property-to the creditors,, of the mortgagor,.
The Bank of Kentu&ky, as creditor of the mortgagor, holding three notes of 300 dollars each on him, with Young and Milton as his securities, claim to be substituted in the place of the said sureties Young and MiR ton, who are beneficiaries in said mortgage, on the ground that the notes exhibited are the remains.of three of the debts named i,n the mortgage, reduced to their present amounts by payments and renewals.
The equity of redemption of the mortgagor in the slaves mentioned in the mortgage had been previously sold under executions against him, issued upon judgments for debts secured by the mortgage, and Eben Milton, one of the mortgagees, purchased the slaves at a full price, satisfying the executions. He then sold the said slaves to John Milton, his co-mortgagee, for a valuable consideration, who sold and passed the title of said slaves by bill of sale dated August 1,1842, to O. B, Richardson, as trustee in trust for the sole use and benefit of Elizabeth Milton and her heirs forever.
Both Eben and John Milton, the mortgagees, executed a formal deed of release, dated February 21, 1844, reciting that heretofore, in the manner stated above, the title to said slaves had passed to C. G. Richardson, in trust, &c., and releasing all claim as mortgagees, and Confirming the previous sajes of said slaves.
So that the entire interest in said slaves has passed to Richardson, as trustee. The equity of redemption, by virtue of the sale and purchase by Eben Milton of William Milton’s equity of redemption under execution for demands secured by the mortgage, an,d the legal title by virtue of the bill of sale from John Milton, and the subsequent deed of confirmation and release executed *342 by both the mortgagees ; so that, were it conceded that the Bank was entitled to be substituted in the place of Young and Milton, the sureties of the mortgagor, in the-notes exhibited, neither Young and Milton nor th& Bank have now any lien, by virtue of the mortgage, on the slaves.
A bill should not be dismissed absolutely where it is prematurely heard, but without prejudice to another suit.
Robertson for plaintiffs; Robinson and, Johnson for-defendants.
The case was brought to a hearing and the decree rendered prematurely; but after the case had been submitted by complainant, the allegations of complainant’s bill were not traversed for the non-resident defendants, and there was no guardian ad litem appointed to answer and defend for the infant'children of Elizabeth Milton. Besides the slaves, the mortgage-embraced all the notes, dues and book accounts, and, household and kitchen furniture of the mortgagor, W.. E. Milton.
It does not appear whether the complainant may not be able'to realize something out of the other means and property described in the mortgage, and if the Bank should be disposed to set out hereafter upon an exploring expedition after the notes and accounts and the-household and kitchen furniture of the mortgagor, why no insurmountable obstruction should be interposed by the decree, which dismissed the complainant’s bill absolutely.
Wherefore, the decree of the Circuit Court is reversed, and the cause remanded, that the Circuit Court, may dismiss the complainant’s bill without prejudice.